## Goshen Shirt Mfg. Co. v. Tonkel.

### [86 South. 453, No. 21338.]

Account, Action on. *Affidavit held to require plaintiff to prove disputed item.*

An affidavit that a particular item of a sworn account, filed with the plaintiff's declaration, is incorrect, and that defendant does not owe said sum, or any part thereof, is a sufficient compliance with the provisions of section 1978, Code of 1906 (section 1638, Hemingway's Code), to place upon plaintiff the burden of proving the correctness of the disputed item.

Appeal from circuit court of Bolivar county.

Hon. W. A. Alcorn, Judge.

Action by the Goshen Shirt Manufacturing Company against M. Tonkel. Directed verdict, and judgment for plaintiff in part and for defendant in part, and plaintiff appeals. Affirmed.

*Thompson & McWhorter,* for appellant.

The statute under which this case is brought reads as follows: Section 978 affidavit to account entitles to judgment. A person desiring to institute suit upon an open account in his favor, may make affidavit to the correctness of such account, that it is due from the party against whom it is charged; and in any suit thereon, such affidavit attached to the account shall entitle the plaintiff to judgment at the trial term of the suit, unless the defendant makes affidavit and file with his plea that the account is not correct, particularizing wherein it is not correct, in which event the affidavit to the account shall entitle the plaintiff to judgment only for such part of the account as the defendant by his affidavit shall not deny to be due; but this shall not apply to accounts against decedents and suits against executors or administrators. . . ."

The counter affidavit filed by defendant which purports to come within the provisions of the above statute, reads

as follows: "This day personally appeared before me the undersigned authority in and for the above and foregoing jurisdiction. M. Tonkel, who being by me first duly sworn, says on oath that the account for four hundred and forty-nine dollars fifty cents charged against him, and filed in the above jurisdiction by the above plaintiff is not correct as stated, in this; the item charged as Job 73 dozen work shirts A. S. R. four dollars and fifty cents per dozen, total three hundred and twenty-eight dollars and fifty cents, is incorrect as the plaintiff hath alleged and charged the said item against this affiant, and that affiant does not owe said sum or any part thereof.

(Signed) M. TONKEL,
Sworn to . . . , etc.

In order for a counter-affidavit to have the benefit of section 1978, Code 1906, which appellee evidently contends is of sufficient force to nullify the effect of the original affidavit as evidence, most certainly it must comply with the requirements of that section. This, counsel for appellant contend it does not do. The particular part of the statute applicable to the point at issue, reads as follows: "Unless the defendant makes affidavit and file with his plea that the account is not correct, particularising wherein it is not correct . . . etc."

. The particular part of the counter affidavit applicable to the point at issue reads: "the item charged as Job 73 dozen work shirts A. S. R. four dollars and fifty cents per dozen, total three hundred twenty-eight dollars and fifty cents, is incorrect as the plaintiff hath alleged and charged said items against this affiant, and that affiant does not owe said sum, or any part thereof."

The word "particularize" means, to enumerate the details or particulars of; make particular or detailed. Funk & Wagnalls Standard Dictionary, page 1286. The word "wherein," means: In what; in what particular or regard; as, wherein is the error? Funk & Wagnalls Standard Dictionary, page 2055. To particularize wherein, then means to detail in what particular or regard.

The counter-affidavit merely points out an item, namely Job, 73 dozen work shirts four dollars and fifty cents per dozen, and states that it is not correct and that defendant does not owe it. In other words, as to this item, he pleads the general issue and does not show wherein it is not correct. He states that he does not owe, but does not show wherein he does not owe. The affidavit, with a blanket statement that it is incorrect and that affiant does not owe said sum or any part thereof, dismisses the largest item of the account, an item which is an account itself, 73 dozens work shirts, without particularizing, without detailing wherein, it is incorrect. The affidavit does not suggest payment, nondelivery, nonassumpsit, breach of warranty, or any reason whatsoever why defendant does not owe the amount set out in the sworn account.

The object of the statute is to dispense with the proof of the original correctness of the account. *Bower* v. *Henshaw*, 53 Miss. 345. It narrows the issue and reduces it to a single point of contest. Accordingly, the counter-affidavit should be so drawn as to apprise the opposing side exactly what the point of contest is. This is done by particularizing wherein the incorrectness lies.

In the case of *Tichenor* v. *Woodburn Wheel Company*, 54 Miss. 589, the defendant filed a counter-affidavit stating that the account filed with the plaintiff's declaration is not correct. The court said: An affidavit by the defendant filed with his plea, that the account is not correct . . . does not put the plaintiff to the proof of the items of the account; the defendant must specify what items of the account, are not correct, but . . . renders it necessary for the plaintiff to prove the indebtedness of the defendant against whom the sum is charged." In other words the relation of the defendant as debtor on the account is the only thing to be proved in such case.

*Shands, Jackson & H. Cassey,* for appellees.

Evidently this suit was filed under section 1978 of the Code of 1906. The object of this section of the Code and

its predecessors in former codes, is to give the plaintiff the privilege of swearing to his open account, thereby establishing a *prima-facie* case against a defendant. Its further object was to dispense with so much proof in establishing a long running open account. It does not alter the rules of pleading in this state, but establishes a rule of evidence. If, however, the defendant files a counter-affidavit denying the correctness of any particular item or all items of the account, the *prima-facie* case made by plaintiff's sworn statement is overthrown. The charge in the count, as far as the items denied is concerned, becomes nullified. The sworn account no longer serves plaintiff as an item of evidence. The plaintiff must then make out his case by other evidence. He can no longer depend upon this sworn statement because issue has been joined on the matters contained in it. The plaintiff must then make out his case and establish the correctness of the item, or items, as charged by a preponderance of competent evidence.

The court can readily see that this section of the code establishes a rule of evidence by which the plaintiff can recover on his open account; but as soon as the defendant files a counter-affidavit denying the correctness of the account, or any item in it, the statute becomes inoperative as a rule of evidence, and the issue is tried out upon the matters denied just as if the statute did not exist. The statute, then after the filing of the counter-affidavit, becomes a statute of pleading; it was not enacted to aid or assist a plaintiff whose account is in any particular denied.

Counsel for appellant sees fit to criticize us for not denying the item with greater particularity. Are we to be held to greater particularity than appellant. We meet them and join issue on the correctness of the item as they allege it. We do not particularize to any greater extent in denying the item than they do to charge it against us.

Counsel for appellant cited three cases in support of their contention that the court erred in excluding the testimony and giving the directed verdict. The first case cited is *Bower* v. *Henshaw,* 53 Miss. 345. Counsel wholly mis-

conceived the rule of law announced therein.  In that case plaintiff filed his sworn itemized statement; the defendant did not file a counter-affidavit but filed a plea of the general issue and gave notice of two affirmative defenses, to-wit: the statute of limitations and accord and satisfaction. The defendant's testimony in that case tended to show that the account had been paid.  At the conclusion of the defendant's testimony, the plaintiff made and the court sustained a motion to exclude all of the defendant's testimony from the jury because the correctness of the account sued on was not denied.  This court held the action of the lower court to be error because defendant did not have to file a counter-affidavit to avail himself of the affirmative defense, such as payment, etc.  This is good law today, but in no way bears upon the issue in the case at bar, because we filed a sworn plea averring that a certain item is not correct, and that we did not owe for the item or for any part of it.  We did not interpose an affirmative defense or a defense of confession and avoidance, but filed a plea which under the statutes, amounts to the general issue.  Under elementary rules of law taught in the Horn Book series, we learn that when defendant files a plea of the general issue, plaintiff thereby must sustain his case upon every issue made by a preponderance of competent evidence, the above case does not apply as counsel would have you to believe, because the issues were different from the case at bar.

The next case cited by counsel is *Tichenor* v. *Woodburn Wheel Co.*, 54 Miss. 589.  In that case plaintiff filed an itemized account, duly verified by oath.  The defendant filed a counter-affidavit averring that the account filed with the plaintiff's declaration is not correct.  As you will readily see the defendant in that case did not specify or particularize what items were incorrect.  He did not deny owing anything.  Items of the account were not challenged in any way, and the court correctly held that the only issue to be decided in that case was this: Did the debtor owe the account as a whole.  The court further held in that case that the burden of proving that the debtor

owed the account as a whole was on the plaintiff, because the counter-affidavit challenged the correctness of the entire account, and all items in it, and also challenged the total sum charged, but questioned no amount as charged therein. Reasoning by analogy and using the above case as a correct announcement of the law, we reach this conclusion: That when a defendant denies the correctness of one particular item in the account or denies the sum charged for that item, is not the burden of proving the correctness of the item and the burden of proving the cost of that item, or the sum to be charged for it, upon the plaintiff?

Counsel next cited the case of *Reinhardt* v. *Carter Stewart & Company,* 49 Miss. 315. For what reason they cited this case we do not know. We find the court in that case using the following language: "We think that section 782 (Code 1891) meant to give an account with oath attached, the advantage of being *prima-facie* true, and that the defendant should not be permitted on trial to assail it as untrue and incorrect, unless by affidavit he denied it in whole or in part. If the defendant makes the affidavit, then the *prima-facie* correctness imparted by the plaintiff's affidavit is done away with and the plaintiff must sustain his account by other evidence." In the case at bar the correctness of the account was denied in part as to that item the appellant ought to have come forward with other proof sustaining the item but he did not. Therefore, the motion to exclude was properly given.

W. H. COOK, J., delivered the opinion of the court.

The appellant, Goshen Shirt Manufacturing Company, brought suit against M. Tonkel, appellee, on an itemized account, verified by affidavit of its correctness in accordance with the provisions of section 1978, Code of 1906 (section 1638, Hemingway's Code). Appellee filed a counter-affidavit, challenging the correctness of one item of the account sued on, and averring that he did not owe said sum, or any part thereof. Upon the trial of the cause appel-

lant introduced the sworn account and the deposition of one witness, and rested its case. Thereupon appellee moved the court to exclude the evidence and direct a verdict for defendants as to the contested item. This motion was sustained, and there was a verdict and judgment for plaintiff for the remaining items of the account, and plaintiff appealed.

Counsel for appellant contends that the counter-affidavit filed by appellee does not sufficiently particularize wherein the account is incorrect, and therefore, while conceding that the deposition offered in evidence is insufficient to prove the disputed item, they insist that this deficiency in proof is supplied by the sworn account introduced in evidence.

Under section 1978, Code of 1906 (section 1638, Hemingway's Code), the affidavit to the account sued on relieves the plaintiff of the necessity of proving the correctness of the items of the account, and entitles him to judgment, unless the defendant "make affidavit and file with his plea that the account is not correct, particularizing wherein it is not correct." The counter-affidavit filed in this case was a sufficient compliance with the statutory requirements, and the filing of this affidavit placed upon the plaintiff the burden of proving the correctness of the disputed item. The counter-affidavit offset the original affidavit as evidence, and, since plaintiff's deposition failed to supply the proof necessary to entitle it to recover for the contested item, the action of the court is peremptorily instructing the jury to find for the defendant as to this item was correct.

*Affirmed.*